**UNITED STATES, Appellee,**

v.

**Private First Class Levan T. IRVIN III, 137–64–0238, United States Army, Appellant.**

**ACMR 8900964.**

U.S. Army Court of Military Review.

12 Dec. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Allen F. Bareford, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant of absence without leave (AWOL), aggravated assault, impersonating a noncommissioned officer, and damaging private property, in violation of Articles 86, 128, 134 and 109, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 928, 934 and 909 (1982). His approved sentence provides for a bad-conduct discharge, confinement for seven years, forfeiture of all pay and allowances and reduction to Private E1.

The appellant contends that the military judge erred by failing, *sua sponte*, to find that the aggravated assault and the damage to private property were multiplicious for sentencing.

The evidence reflects that the appellant pushed the victim to the ground and brandished a Ninja sword at him. The victim retreated into his automobile and began to drive away. The appellant, in hot pursuit, inflicted several dents on the left side of the automobile, smashed the driver's side window, and stabbed the victim in the chest with the Ninja sword. The military judge computed the maximum imposable confinement as eleven years (five years for aggravated assault, five for damaging the automobile, six months for AWOL and six months for impersonating a noncommissioned officer), and the trial defense counsel agreed.

We hold that the military judge was correct. Offenses arising out of the same transaction may be multiplicious for sentencing depending on the evidence. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(c)(1)(C) discussion [hereinafter M.C.M., 1984 and R.C.M.]. Rule for Courts–Martial 1003(c)(1)(C) is based on the Manual for Courts–Martial, United States, 1969, paragraph 76(a)(5). R.C.M. 1003 Analysis, App. 21, A22–63. One of the criteria in the 1969 Manual for determining whether offenses were separately punishable was whether the offenses involved violations of different social standards. M.C.M., 1969, paragraph 76a(5)(a). In this case the appellant violat-

ed two separate social standards, one involving protection of life and limb and a second involving protection of property. *See United States v. Baker*, 14 M.J. 361, 370 (C.M.A.1983).

Apart from separate social standards, the evidence shows that when the victim retreated into his automobile the appellant chose not to terminate his attack, but instead broadened it to include the automobile. After striking the automobile several times, the appellant smashed a window and then resumed his attack on the victim by stabbing him. We find the offenses both legally and factually separate, and hold that they were separately punishable.

We have considered the remaining assignments of error, including those personally raised by the appellant, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.